IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher Lovett Burkes, #272240, ) | C/A No.: 1:16-2532-BHH-SVH |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| Warden Joseph McFadden, ) | |
| ) | |
| Respondent. ) | |

Christopher Lovett Burkes ("Petitioner"), proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the petition in this case without requiring the respondent to file an answer.

I.    Factual and Procedural Background

The instant petition is the second habeas action filed by Petitioner in this court challenging the same convictions.[1] *See Burkes v. McFadden*, C/A No. 1:15-1332-BHH *("Burkes I")*. A review of Petitioner's prior case reveals that he was indicted in Spartanburg County, South Carolina, in July 2005 for trafficking in crack cocaine. *See*

---

[1] It is appropriate for this court to take judicial notice of Petitioner's prior cases. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records") (citation omitted).

*Burkes I*, ECF No. 37. Plaintiff had a jury trial on November 2–3, 2005. He was found guilty and sentenced to 25 years and a $50,000 fine. *Id.* Petitioner filed a timely direct appeal, and the South Carolina Court of Appeals affirmed his conviction. *Id.* The remittitur was issued on January 2, 2008. *Id.*

Petitioner filed an application for post-conviction relief ("PCR") on April 17, 2008. *Burkes I*, ECF No. 42 at 3, n.2. The PCR court filed an order on July 7, 2009, denying Petitioner PCR relief. *Burkes I*, ECF No. 37. Petitioner timely filed a notice of appeal by way of a petition for writ of certiorari. *Id.* By order issued March 2, 2011, the Supreme Court of South Carolina granted the petition for writ of certiorari and ordered briefing. *Id.* The court heard argument, and on January 30, 2013, filed an opinion dismissing certiorari as improvidently granted. *Id.* The remittitur was issued on February 15, 2013. *Id.* Petitioner filed a second PCR application on August 25, 2014, which the circuit court dismissed with prejudice on September 10, 2015. *Id.*

Petitioner filed *Burkes I* in this court on March 18, 2015. This court considered the petition on the merits and granted respondent's motion for summary judgment. *Burkes I*, ECF No. 42. The instant petition seeks a writ of habeas corpus on the same conviction.

II. Discussion

    A.    Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of

1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

The instant petition seeks a writ of habeas corpus on the same conviction as in *Burkes I*. Under the AEDPA, an individual may not file a second or successive petition for a writ of habeas corpus under 28 U.S.C. § 2254, without first receiving permission to do so from the appropriate circuit court of appeals. *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). Specifically, 28 U.S.C. § 2244(b)(3)(A) requires a prospective applicant to file with the court of appeals a motion for leave to file a second or successive habeas application in the district court. 28 U.S.C. § 2244(b)(3)(A). A three-judge panel has 30 days to determine whether "the application makes a prima facie showing that the

application satisfies the requirements of [28 U.S.C. § 2244(b)]." 28 U.S.C. §§ 2244(b)(3)(B)–(D). For this court to consider a second or successive § 2254 petition, Petitioner must obtain a Pre-Filing Authorization from the Fourth Circuit under 28 U.S.C. § 2244(b)(3). *See In re Williams*, 330 F.3d 277 (4th Cir. 2003); *In re Fowlkes*, 326 F.3d 542 (4th Cir. 2003). Because there is no showing that Petitioner obtained authorization from the Fourth Circuit to file this successive habeas petition in the district court, this court does not have jurisdiction to consider it.

III.    Conclusion and Recommendation

Accordingly, the undersigned recommends that the petition in the above-captioned case be dismissed.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

November 15, 2016                                Shiva V. Hodges
Columbia, South Carolina                    United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).