IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Christopher Lovett Burkes, #272240, )
)
        Petitioner, )
) Civil Action No. 1:16-2532-BHH
v. )
) **ORDER**
Warden Joseph McFadden, )
)
        Respondent. )
_____)

      This matter is before the Court upon Petitioner Christopher Lovett Burkes' pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for initial review. On November 15, 2016, Magistrate Judge Shiva V. Hodges filed a Report and Recommendation ("Report"), outlining the issues and recommending that the Court dismiss the instant petition because it is a successive petition and because Petitioner has not received pre-filing authorization from the Fourth Circuit Court of Appeals to file the petition. *See* 18 U.S.C. § 2244(b)(3) (requiring a petitioner to file with the appropriate court of appeals a motion for leave to file a second or successive habeas petition in the district court). As the Magistrate Judge noted, in 2015, Petitioner filed a prior habeas corpus petition challenging the same underlying convictions, and the Court considered the petition on the merits and granted summary judgment in favor of Respondent on February 2, 2016. *See Burkes v. McFadden*, No. 1:15-1332-BHH ("*Burkes I*").

      Attached to the R&R was a notice advising Petitioner of his right to file written, specific objections to the Report within fourteen days of receiving a copy. On December

5, 2016, rather than filing specific objections to the Magistrate Judge's Report, Petitioner simply resubmitted the response that he filed to Respondent's motion for summary judgment in *Burkes I*. (*Cf.* ECF No. 26 in No. 1:16-2532-BHH and ECF No. 36 in No. 1:15-1332-BHH.)

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, after review, the Court finds no clear error and agrees with the Magistrate Judge that the instant petition is successive. Moreover, because it does not appear that Petitioner has obtained the necessary pre-filing authorization from the Fourth Circuit to file this petition, the Court lacks jurisdiction to consider it.

Accordingly, it is hereby ordered that the Magistrate Judge's Report (ECF No. 24) is adopted and incorporated herein; Petitioner's objections (ECF No. 26) are overruled; and this action is dismissed without requiring Respondent to file an answer.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks<br>United States District Judge

December 6, 2016
Charleston, South Carolina

## CERTIFICATE OF APPEALABILITY

The governing law provides:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller–El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). Here, the Court finds that the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.